IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 South Howard Street, 3rd Floor,<br>Baltimore, Maryland 21201<br><br>Plaintiff,<br><br>v.<br><br>HI CARE, INC. D/B/A<br>HOME INSTEAD SENIOR CARE,<br>1511 Ritchie Highway<br>Arnold, Maryland 21012<br><br>Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to all caregivers employed by Defendant who were adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, Defendant has subjected its caregivers to an ongoing pattern or practice of race-based assignment discrimination, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant, HiCare, Inc. ("HiCare"), has continuously been doing business in the State of Maryland and the Cities of Ellicott City and Arnold, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Christina Omole filed a charge with the Commission alleging violations of Title VII by Defendant HiCare. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least October 2007, Defendant HiCare has engaged in unlawful employment practices at its Arnold and Ellicott City, Maryland offices, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(2). These practices include:

a.      utilizing a racial coding system to identify clients who prefer Caucasian caregivers; internally referring to clients who prefer Caucasian caregivers as "circle dots;" and relying upon such racial coding when assigning caregivers to work.

b.      catering to the racial preferences of its clients by assigning caregivers based on their race.

8.      The effect of the practice complained of in paragraph 7 above has been to deprive a class of all caregivers employed with Defendant of equal employment opportunities and otherwise adversely affect their status as employees, because of their race.

9.      The unlawful employment practices complained of in paragraph 7 above were and are intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of a class of caregivers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant HiCare, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from assigning caregivers based on clients' racial preferences.

    B.    Order Defendant HiCare to institute and carry out policies, practices, and programs which provide equal employment opportunities for all caregivers of all races, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant HiCare to make whole all caregivers who experienced lost back pay as a result of Defendant's unlawful employment practices, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    D.    Order Defendant HiCare to make whole a class of all caregivers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including any past and future out-of-pocket losses suffered as a result of the discriminatory assignments, in amounts to be determined at trial.

    E.    Order Defendant HiCare to make whole a class of all caregivers by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

    F.    Order Defendant HiCare to pay a class of all caregivers punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)
(410) 962-4270 (fax)